| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re:<br><br>OLGA T. GOLFINOPOULOS and O.T.G. LIMITED PARTNERSHIP,<br><br>Debtor. | Case No.: 23-21211 (VFP)<br><br>Chapter: 11 |
| ------------------------------------------------------------ | |
| OLGA T. GOLFINOPOULOS and O.T.G. LIMITED PARTNERSHIP,<br><br>Plaintiffs,<br><br>v.<br><br>HM ADVISORS LP, CALEB WALSH, and JOHN DOE AND JANE DOE NOS. 1 THROUGH 5 INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,<br><br>Defendants. | Adv. Pro. No.: 25-01193 (VFP)<br><br>Judge: Vincent F. Papalia |

FILED
January 27, 2026
Jeanne A. Naughton, CLERK
United States Bankruptcy Court
Newark, NJ
By: *Juan Filgueiras*, Courtroom Deputy

## OPINION AWARDING ATTORNEYS FEES AS SANCTIONS

<u>APPEARANCES</u>

**RABINOWITZ, LUBETKIN & TULLY, LLC**
Jonathan I. Rabinowitz, Esq.
Barry J. Roy, Esq.
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
*Counsel to Plaintiffs*

**CHIESA SHAHINIAN & GIANTOMASI PC**
Sam Della Fera, Jr., Esq.
105 Eisenhower Parkway
Roseland, NJ 07068
*Mediator*

**IBRAHIM AHMED LAW GROUP P.C.**
Sergei Orel, Esq.
4105 US-1 South, Suite 2
Monmouth Junction, New Jersey 08853
*Counsel to Defendants*

1

**HONORABLE VINCENT F. PAPALIA**
**United States Bankruptcy Judge**

## I. INTRODUCTION

This matter is before the Court pursuant to its December 8, 2025 Order: (I) Granting Defendant Caleb Walsh's Motion to Vacate Default on Conditions; (II) Denying as Moot Plaintiff's Cross-Motion for Entry of Default Judgment; and (III) Granting Related Relief (the "December 8, 2025 Order"). Based on the failure of Defendants' Counsel, Sergei Orel, Esq. of Ibrahim Ahmed Law Group, P.C. ("Defendants' Counsel"), to attend a scheduled mediation session, a pre-trial conference and a hearing on Defendants' Counsel's own Motion to Vacate the Entry of Default in this matter, the December 8, 2025 Order awarded sanctions against Defendants' Counsel, the Ibrahim Ahmed Law Group. P.C. (the "Ahmed Law Firm"), and in favor of Plaintiffs' Counsel, Rabinowitz, Lubetkin & Tully, LLC ("Plaintiffs' Counsel"), and the Mediator, Sam Della Fera, Jr. (the "Mediator"), as follows:

(i) Plaintiffs' attorneys' fees and expenses in applying for Entry of Default;

(ii) Plaintiffs' attorneys' fees and expenses in appearing at the Hearing on December 2, 2025, at which Defendants' Counsel failed to appear, even though it was the hearing date for Defendant Caleb Walsh's Motion;

(iii) Plaintiffs' attorneys' fees and expenses incurred in connection with Defendant's failure to appear at court-ordered mediation and related correspondence prepared by Plaintiffs' attorneys in attempting to reschedule mediation, but not the preparation of Plaintiffs' Counsels' mediation statement; and

(iv) fees and expenses of the Mediator incurred in connection with Defendant's failure to appear at court-ordered mediation and the related correspondence in attempting to

2

reschedule mediation, and the Mediator's attendance at the
hearing on December 2, 2025.

The December 8, 2025 Order allowed Plaintiffs' Counsel, Rabinowitz, Lubetkin & Tully, LLC, and the Mediator ten (10) days from its entry to file a Certification of Fees and Expenses incurred in connection with the matters identified above and allowed Defendants' Counsel ten (10) days to object. That Order further provided that any such objection was limited to the reasonableness of the fees and/or that the fees are not related to the identified matters. Plaintiffs' Counsel timely filed a Certification seeking recovery of fees in the amount of $18,095.00 [Dkt. No. 50]. The Mediator timely filed a Certification seeking recovery of fees in the amount of $2,700.00 [Dkt. No. 53]. Defendants' Counsel filed its objection to Plaintiffs' Counsel's Certification of Fees on December 22, 2025 [Dkt. No. 54]. Defendants' Counsel filed its objection to the Mediator's Certification of Fees on December 26, 2025 [Dkt. No. 55]. Plaintiffs' Counsel filed a reply on December 30, 2025 [Dkt. No. 56].

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In accordance with this Court's standard procedures in adversary proceedings such as this one, the Court entered Orders: (i) scheduling pre-trial matters (the "Joint Scheduling Order"); and (ii) an Order referring this matter to mediation, with Sam Della Fera, Jr., being appointed as Mediator (the "Mediation Order"). These Orders were entered after early motion practice during which the Court denied Plaintiffs' application for a permanent and mandatory injunction and Defendants' Motion to Dismiss.

The mediation of this matter was scheduled for September 10, 2025 with the agreement of all parties. See September 11, 2025, Letter from Mediator [Dkt. No. 29]. Plaintiffs submitted

3

their mediation statement, but Defendant HM Advisors LP did not.[1] Neither Defendants' Counsel nor Defendant appeared at the mediation session and Defendants' Counsel failed to respond to the Mediator's "multiple emails" regarding Defendant's attendance at the mediation and its mediation statement. Id. By Defendants' Counsel's own admission, he did not respond to the Mediator until September 19, 2025, "explaining" that he was on vacation and proposing a new date for the mediation during the week of September 22, 2025. See October 9, 2025, Letter from Defendants' Counsel [Dkt. No. 32] at p. 1. The word "explaining" is placed in quotes because the Court does not believe that an email sent nine (9) days after the scheduled mediation is a valid or somehow excusable explanation, especially when Defendants' Counsel previously agreed to the September 10, 2025 date.

At around the same time as the September 19th email, Defendants' Counsel apparently had a telephone conversation with Plaintiff Olga Golfinopoulos's sister. In that conversation, Ms. Golfinopoulos allegedly made certain claims of fraud by her sister, Olga, that were not explained or substantiated by Defendants at that time, or at any time in the four months since September 19, 2025. Id. at 2. Based on these unsubstantiated allegations, as to which no connection to this adversary proceeding has been shown or much less proven, Defendants' Counsel apparently unilaterally determined that the "mediation was no longer necessary" and that he would ask the Court to "cancel" it. Id. at 2 Ex. A and B. Like the unsubstantiated fraud allegations, this request never came before the Court.

Defendants' Counsel's October 9, 2025 letter was written only after he also failed to appear at the pre-trial conference scheduled for that day at 10:00 a.m., during which the

---

[1] The only original Defendant on this case was HM Advisors, LP ("HM"). Its principal, Caleb Walsh, was later added by Plaintiffs in an Amended Complaint and Answer filed in response to Defendant HM's Answer and Counterclaim [Dkt. No. 26]. The Ahmed Law Firm represents (or represented) both Defendants HM and Caleb Walsh. Mr. Walsh had apparently not been served at the time of the scheduling of the mediation session.

4

mediation was to be discussed. Though both Plaintiffs' Counsel and the Mediator appeared at the hearing, Defendants' Counsel failed to do so and attempts by the Court and Plaintiffs' Counsel to reach him were unsuccessful. Just before Court concluded its calendar for the morning, and well after the 10:00 a.m. start time for the pre-trial conference and this case was called, Defendants' Counsel belatedly explained to the Court that he was unable to attend the hearing because he was on trial until that morning. As an accommodation to Defendants' Counsel, the Court rescheduled the pre-trial hearing for late that afternoon (at 3:30 p.m.), at which Defendants' Counsel again failed to timely appear, even though the Mediator and Plaintiffs' Counsel did. See Email Exchange [Dkt. No. 33]. Defendants' Counsel states he was on the call scheduled for 3:30 p.m., but not until 4:17 p.m. By then, the adjourned conference had concluded, and Plaintiffs' Counsel and the Mediator had left the hearing because Defendants' Counsel had again failed to appear.

In the meantime, Third-Party Defendant Caleb Walsh, the principal of the Defendant HM, failed to respond to Plaintiffs' Third-Party Complaint despite it being served on Mr. Walsh and HM's counsel. [Dkt. No. 31]. Accordingly, Default was entered against Mr. Walsh on October 24, 2025 [Dkt. No. 37]. Without leave of Court, Defendants' Counsel filed an Answer to the Third-Party Complaint on behalf of Mr. Walsh on October 28, 2025. [Dkt. No. 40]. On the same date, Defendants' Counsel also filed an "Opposition to Entry of Default and Motion to Vacate Entry of Default" (the "Motion to Vacate"). [Dkt. No. 41]. The Motion to Vacate did not include a hearing date, as is required by this Court's Local Rules, so the Court scheduled a hearing on the Motion to Vacate and the Cross-Motion subsequently filed by Plaintiffs to enter default judgment, for December 2, 2025. See [Dkt. No. 42]. Inexplicably, Defendants' Counsel failed to attend the hearing on his own Motion and the Plaintiff's Cross-Motion on December 2, 2025.

Despite the unacceptable and unprofessional conduct of Defendants' Counsel, the Court

5

proceeded with the hearing on December 2nd and granted the Defendants' Motion to Vacate, subject to the sanctions imposed against Defendants' Counsel pursuant to its December 8, 2025 Order, as noted above. Defendants' Counsel opposed the fee award sought by Plaintiffs' Counsel and the Mediator in a general and conclusory fashion, arguing (as to Plaintiffs' Counsel) that the services for which sanctions are sought went beyond the limited categories set forth in the December 8, 2025 Order, and even more generally, that the fees must be "reasonable, necessary and non-duplicative, compensatory and not punitive, and consistent with due process and fundamental fairness." See Objection to Professional Fees [Dkt. No. 54]. Defendants' Counsel's opposition to the Mediator's fees is even more general, as it consists only of a single sentence that does not raise any specific or general objections at all. [Dkt. No. 55].

    A.  **Plaintiff's Counsel's Fees**

As is pointed out by Plaintiffs' Counsel, Defendants' Counsel's objection cites to absolutely no law and no specific instances in which his general arguments apply. See generally N.J. Bldg. Laborers Statewide Benefit Funds v. Perfect Concrete Cutting, 2010 U.S. Dist. LEXIS 54547 at *3 (D.N.J. June 2, 2010) (denying relief where "Respondent's brief cites no law; no statutory law, no case law, no scholarly authority. An undeveloped argument in a brief is waived."); see also Clay v. Holy Cross Hosp., 253 F.3d 1000, 1002 n. 1 (7th Cir. 2001) (same).

Similarly, as to Defendants' principal objection—that the services for which sanctions are sought fall outside the scope of the December 8, 2025 Order—Defendants fail to identify a single time entry that falls outside that scope. Thus, Defendants' opposition could be denied on these grounds alone. See West v. Hess Envtl. Servs., 1997 U.S. App. LEXIS 8127, at *7 (6th Cir. April 17, 1997) ("[P]arties should raise objection with specificity, pointing out particular items, rather than making generalized objections to the reasonableness of the bill as a whole. Where a party

fails to offer specific objections…we review the statement only to eliminate those charges which are unreasonable on their face.") (quoting Woolridge v. Marlene Industries Corp., 898 F.2d 1169, 1176 n. 14 (6th Cir. 1997)).

    Notwithstanding these failures, this Court will nonetheless undertake its own analysis of the fees sought to determine whether they are unreasonable and/or fall outside the scope of the December 8, 2025 Order, as it believes it is obligated to do. See In re Busy Beaver Bldg. Ctrs., 19 F.3d 833, 841 (3d Cir. 1994) ("[T]he bankruptcy court has a duty to review fee applications, notwithstanding the absence of objections…a duty which the Code does not expressly lay out but which we believe derives from the Court's inherent obligation to monitor the debtor's estate and to serve the public interest.") (emphasis in original). Although what is before the Court here is not a fee application, but an analogous sanctions award, the Court believes that the principle of Busy Beaver—that the Court has an inherent obligation to review fee applications—applies in these circumstances as well.

    In conducting its review, the Court notes that the initial burden of establishing the reasonableness of the fees falls upon Plaintiffs' Counsel. See Endurance Am. Specialty Ins. Co. v. Hospitality Supportive Sys. LLC, 2018 U.S. Dist. LEXIS 136922 at *9 (E.D. Pa. Aug. 14, 2018). After that, the burden shifts to the opposing party to demonstrate that the fees are unreasonable and, in this case, also whether they fall outside the scope of the award. See In re Molina, 632 B.R. 561, 571 (Bankr. S.D.N.Y. 2021). Here, the Court finds that although Defendants' Counsel has completely failed to carry his burden, the Court's independent duty to review any such award requires the reduction of the fees sought by Plaintiffs' Counsel in certain respects.

    The Court first notes that its December 8, 2025 Order awards sanctions for the Plaintiffs'

attorneys' fees and expenses incurred "in applying for Entry of Default." The Court specifically did not award fees for Plaintiffs' Cross-Motion for Entry of Default Judgment (which the Court denied). Nonetheless, Plaintiffs' Counsel's certification of fees reflects multiple entries for services related to the Cross-Motion for Entry of Default Judgment.

The Court did not award sanctions for those fees related to the Cross-Motion for Entry of Default Judgment—other than for attending the December 2, 2025 hearing—because it felt those fees could and should have been avoided, especially given the liberal standards for vacating default and the Third Circuit's often stated preference for cases to be decided on the merits. See e.g., Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App'x 519, 521 (3d Cir. 2006) ("[o]ur Court's policy is one 'disfavoring default judgments and encouraging decisions on the merits.'") (citing Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 981 (3d Cir. 1988)); Handle v. Postmaster General, United States Postal Service, 806 Fed. App'x 95, 100 (3d Cir. 2020) ("there is a strong presumption in favor of resolving cases on the merits.") (collecting cases).

Additionally, as was stated at the hearing on the Motion to Vacate, the other Defendant in the case, HM Advisors, LP, had timely answered and the case would have to proceed with many, if not all, of the same issues and discovery, even if default judgment was entered against Mr. Walsh. Accordingly, the Court will deduct from the award the fees for services related to Plaintiffs' Cross-Motion for Entry of Default Judgment. Based on the Court's review, these entries total $3,067.50, and are identified in the attached Schedule A.[2]

---

[2] The Court recognizes that there may be certain entries as to which it is unclear whether the services related exclusively to opposing the Motion to Vacate Default, which the Court is allowing, or supporting Plaintiffs' Cross-Motion to Enter Default Judgment, which the Court is not allowing. Because of the egregious nature of Defendants' Counsel's conduct, and the failure of Defendants' Counsel to specifically identify any of the time entries to which it is objecting (as is its burden), the Court is resolving any doubts or ambiguities in these regards in favor of Plaintiffs' Counsel.

Here, the Court wishes to explain that the fees are being deducted not because the Court believes them to be unreasonable, but principally because the fees relate to the preparation of pleadings and communications regarding Plaintiffs' Cross-Motion for Entry of Default Judgment, which were not within the scope of the fees awarded by the Court in the December 8, 2025 Order.[3] The Court also wishes to express its hope that Mr. Orel and the Ahmed Law Firm will proceed in a more professional and responsive manner going forward, which will be for the benefit of all involved. Conversely, perpetuation of this type of conduct will be to detriment of all.

### B. Mediator's Fees

As was noted, Defendant's Counsel's "informal opposition" to the fees of the Mediator did not identify any objection at all, specifically or generally. Nonetheless, the Court undertook the same independent review of the fees requested by the Mediator under the same standards. On the basis of that review, the Court finds that the Mediator's fees are within the scope of the December 8, 2025 Order and are reasonable and appropriate in all respects. Therefore, the fees requested by the Mediator will be awarded in full.

### III. CONCLUSION

Accordingly, the Court will enter an Order awarding sanctions against Defendants' Counsel and in favor of Plaintiffs' Counsel in the amount of $15,027.50 and in favor of the Mediator in the amount of $2,700.00.

An Order consistent with this opinion is being separately entered on the docket.

Dated: January 27, 2026

*Vincent F. Papalia*
Vincent F. Papalia
United States Bankruptcy Judge

---

[3] The Court's $3,067.50 deduction of the fees set forth in Schedule A is not intended to affect or impact in any way the obligation of the Plaintiffs to pay the unawarded fees of their Counsel pursuant to the agreement between them.

9

**SCHEDULE A**

**DISALLOWED FEES**

| DATE | TIME ENTRY | AMOUNT |
|---|---|---|
| 10/27/2025 | Case Administration – Review application for entry of default judgment. | $195.00 |
| 10/28/2025 | Case Administration – Correspondence to client regarding default judgment certificate. | $50.00 |
| 10/28/2025 | Case Administration – Correspondence from O. Golfinopoulos regarding default judgment request. | $100.00 |
| 1029/2025 | Case Administration – Office conference with Jonathan I. Rabinowitz regarding motion to vacate default (disallowed as duplicative). | $210.00 |
| 11/03/2025 | Case Administration – Office conference with Jonathan I. Rabinowitz regarding motion to default. | $100.00 |
| 11/04/2025 | Case Administration – Office conference with Barry J. Roy regarding motion for default. | $130.00 |
| 11/11/2025 | Case Administration – Office conference with Jonathan I. Rabinowitz regarding cross motion for DJ. | $100.00 |
| 11/11/2025 | Case Administration – Research judicial notice; review and revise certification in opposition to motion to vacate default and in support of cross-motions to enter default judgment. | $650.00 |
| 11/11/2025 | Case Administration – Office conference with Barry J. Roy regarding cross motion for default judgment. | $130.00 |
| 11/13/2025 | Case Administration – Revise Olga certification. | $50.00 |

10

| | | |
|---|---|---|
| 11/13/2025 | Case Administration – Correspondence to client regarding revised certification. | $50.00 |
| 11/20/2025 | Case Administration – Telephone call with Court regarding cross motion | $50.00 |
| 12/01/2025 | Case Administration – Prepare for default judgment hearing. | $500.00 |
| 12/02/2025 | Case Administration – Email to J. Filgueiras regarding default judgment hearing. | $50.00 |
| 12/02/2025 | Case Administration – Email from J. Filgueiras regarding default judgment hearing. | $50.00 |
| 12/02/2025 | Case Administration – Continue to prepare for default judgment hearing. | $250.00 |
| 12/02/2025 | Case Administration – Office conference with Henry M. Karwowski regarding default judgment hearing. | $50.00 |
| 12/02/2025 | Case Administration – Office conference with Barry J. Roy regarding default judgment hearing. | $52.50 |
| 12/08/2025 | Case Administration – Email from court regarding order denying default judgment motion | $150.00 |
| 12/08/2025 | Case Administration – Correspondence to S. Orel regarding order denying default judgment motion. | $150.00 |

**TOTAL:** $3,067.50

11